UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-SD3,<br><br>Plaintiff,<br><br>v.<br><br>BRENDA L. DAVIDSON, et al.,<br><br>Defendants. | No. 1:17-cv-01335-DAD-EPG<br><br>ORDER FOLLOWING STATUS CONFERENCE<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE AS TO DEFENDANT SRI, INC. FOR FAILURE TO EFFECT SERVICE<br><br>ORDER CONCERNING MOTION FOR DEFAULT JUDGMENT AND SETTING FURTHER STATUS CONFERENCE |

On March 9, 2021, the Court set a telephonic status conference in this case, where the docket had been dormant for over one year. The Court held that status conference on April 5, 2021. Counsel Ruby Chavez appeared for Plaintiff The Bank of New York Mellon; Defendant Brenda L. Davidson appeared *pro se*; and counsel Jonathan Hauck appeared for Defendant United States of America.[1] Defendants City of Porterville and SRI, Inc., did not appear.

///

---

[1] The United States had been terminated as a party pursuant to the Court's order on August 15, 2019. (ECF No. 38).

1

## I.  BACKGROUND

This case concerns Defendant Davidson's apparent failure to repay loans backed by a mortgage and tax liens on the mortgaged property. On October 4, 2017, the United States removed this case from the Superior Court of California, County of Tulare, under 28 U.S.C. §§ 1442(a)(1) and 1444. (ECF No. 1). Defendant Davidson filed an answer on February 8, 2018. (ECF No. 12).

On March 1, 2019, Plaintiff filed a motion for summary judgment, (ECF No. 23). On April 2, 2019, Plaintiff and the United States filed a stipulation between themselves concerning the priority of the United States' lien. (ECF No. 26). On August 15, 2019, the Court granted the stipulation and terminated the United States from this action. (ECF No. 38 at 16) (ordering that "[t]he stipulation of Plaintiff and the United States (Doc. No. 26) is adopted and granted;" and directing clerk of court "to terminate the United States from the docket in this action").

On December 30, 2019, Plaintiff filed a first amended complaint, which named Davidson, the City of Porterville, and SRI, Inc. as defendants. (ECF No. 45). The United States was not named as a party.  The clerk issued a summons as to SRI, Inc. (ECF No. 46). On February 19, 2020, Plaintiff filed a certificate of service of the amended complaint on Defendants Davidson and the City of Porterville. (ECF No. 48).  Defendant SRI, Inc., has not been served. No parties have filed answers to the first amended complaint.

For over one year, there was no further activity on this case. On March 9, 2021, the Court set a status conference for this case. (ECF No. 49). Plaintiff and Defendant Davidson filed timely status reports. (ECF Nos. 50 & 52). Plaintiff filed a request for a clerk's entry of default on March 29, 2021, which the clerk entered the following day. (ECF Nos. 51 & 53).

## II.  SUBJECT-MATTER JURISDICTION

This action was initially removed to this Court by the United States pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. (ECF No. 1 at 1). However, the United States has been terminated from this action after it stipulated with Plaintiff to the status of its liens. (ECF Nos. 16; 38 at 16). The First Amended Complaint does not name the United States as a party, and does not contain any statement regarding the basis for this Court's jurisdiction.  (ECF No. 45).

At the status conference, the Court asked whether the Court retained jurisdiction over this matter. Plaintiff indicated that remand to state court was likely proper. Defendant Davidson stated she had no position. The United States wished to consider the issue further.

Because the United States has been terminated from the case, and the claims regarding the United States were the basis for removal of this action, the Court will order Plaintiff to show cause why this action should not be remanded to state court for lack of subject-matter jurisdiction.

### III.   LACK OF SERVICE

Under Federal Rule of Civil Procedure 4(m), a plaintiff must generally serve a defendant within 90 days after filing a complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The First Amended Complaint, which first named Defendant SRI, was filed on December 30, 2019. (ECF No. 45). Over fifteen months have passed, and Defendant SRI has not been served.  It is also worth noting that the District Judge has twice requested information concerning the status of that defendant. (*See* ECF Nos. 34 ("Plaintiff is ordered to take any steps necessary to clarify the status of defendant City of Porterville and the unnamed, but potentially interested party SRI."); 35 ("On May 7, 2019, the court directed plaintiff to take any steps necessary to clarify the status of defendant City of Porterville and non-party SRI, and to advise the court when such steps had been completed. To date, the court has not received a response. Plaintiff is therefore directed to file a status report within 7 days addressing the status of its investigation and whether further briefing on the pending motions is necessary."); 38 at 13-14 (denying plaintiff's motion for summary judgment on original complaint because, in part, SRI was a necessary party to grant some of the requested relief)).

Therefore, the Court will order Plaintiff to show cause why this action should not be dismissed without prejudice as to Defendant SRI under Federal Rule of Civil Procedure 4(m).

## IV. NEXT STEPS

As discussed at the status conference, to facilitate a speedier resolution of this action, the Court sets various deadlines.

Plaintiff's most recent status report states that "Plaintiff plans to move for default judgment against SRI, Davidson, and City of Porterville" after serving Defendant SRI. (ECF No. 50 at 3). At the status conference, Plaintiff indicated it intended to effect service within three weeks. Therefore, if Plaintiff intends to seek a default judgment on Defendant Davidson in federal court, Plaintiff must do so within 45 days.

However, as discussed on the record, should Defendant Davidson intend to continue to participate in this action, she must take two steps. First, Defendant Davidson must file an answer to the amended complaint. Second, she must file a motion to set aside the entry of default against her under Federal Rule of Civil Procedure 55(c). This motion must explain why she did not file an answer in the required timeframe. If the Court finds good cause, it may set aside the entry of default against her.

The Court also sets this case for a further telephonic status conference on June 15, 2021 at 11:00 a.m.

## V. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days, Plaintiff shall show cause, in writing, why this case should not be remanded to the Superior Court of California, County of Tulare for lack of subject-matter jurisdiction;

2. Within thirty days, Plaintiff shall show cause, in writing, why Defendant SRI should not be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m);

3. Unless Defendant Davidson files an answer and a motion to set aside the entry of default, Plaintiff's deadline to seek default judgment as to Defendant Davidson is 45 days from the date of entry of this order; and

4. This case is set for a telephonic status conference on **June 15, 2021 at 11:00 a.m.**

The parties are directed to file a joint report, addressing the status of the case, to be filed one full week prior to the conference. To participate telephonically, each party is directed to use the following dial-in number and passcode: Dial-in Number 1-888-251-2909; Passcode 1024453. If all parties wish to appear by Zoom videoconference, they shall email courtroom deputy Michelle Rooney (mrooney@caed.uscourts.gov) no later than two court days before the hearing to arrange for video participation.

IT IS SO ORDERED.

Dated: **April 5, 2021**　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

5