UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>   Plaintiff,<br><br>   v.<br><br>BRENDA L. DAVIDSON, et al.,<br><br>   Defendants. | No. 1:17-cv-01335-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE REMANDED FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>FOURTEEN-DAY DEADLINE<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 55) |

Plaintiff Bank of New York Mellon ("Plaintiff") commenced this action by filing suit in the Superior Court of the State of California, County of Tulare on August 7, 2017. (ECF No. 1-1 at 6). The United States, then a defendant, removed the action under 28 U.S.C. §§ 1442(a)(1) and 1444 on October 4, 2017. (ECF No. 1). Because the United States is no longer a party and there is no other basis for federal jurisdiction, the Court recommends remanding this matter back to state court. In addition, for the reasons that follow, the Court discharges its orders to Plaintiff to show cause why this action should not be remanded for lack of subject-matter jurisdiction and why Defendant SRI, Inc., should not be dismissed without prejudice due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m). (ECF No. 55).

///

## I. BACKGROUND

This case concerns Defendant Brenda L. Davidson's apparent failure to repay loans backed by a mortgage and tax liens on the mortgaged property. On October 4, 2017, the United States removed this case from the Superior Court of California, County of Tulare, under 28 U.S.C. §§ 1442(a)(1) and 1444. (ECF No. 1). Defendant Davidson filed an answer on February 8, 2018. (ECF No. 12).

On March 1, 2019, Plaintiff filed a motion for summary judgment. (ECF No. 23). On April 2, 2019, Plaintiff and the United States filed a stipulation between themselves concerning the priority of the United States' lien. (ECF No. 26). On August 15, 2019, the Court granted the stipulation and terminated the United States from this action. (ECF No. 38 at 16) (ordering that "[t]he stipulation of Plaintiff and the United States (Doc. No. 26) is adopted and granted;" and directing clerk of court "to terminate the United States from the docket in this action").

On December 30, 2019, Plaintiff filed a first amended complaint, which named Davidson, the City of Porterville, and SRI, Inc. as defendants. (ECF No. 45). The United States was not named as a party. The clerk issued a summons as to SRI, Inc. (ECF No. 46). On February 19, 2020, Plaintiff filed a certificate of service of the amended complaint on Defendants Davidson and the City of Porterville. (ECF No. 48). Defendant SRI, Inc. was not timely served.

For over one year, there was no further activity on this case. On April 5, 2021, the Court held a status conference. Counsel Ruby Chavez appeared for Plaintiff Bank of New York Mellon; Defendant Brenda L. Davidson appeared *pro se*; and counsel Jonathan Hauck appeared for the United States. At the status conference, the Court inquired whether the Court retained jurisdiction over this matter. Plaintiff indicated that remand to state court was likely proper. Defendant Davidson stated she had no position. The United States wished to consider the issue further.

On April 5, 2021, the Court ordered Plaintiff to show cause, within thirty days, why this matter should not be remanded to state court for lack of subject-matter jurisdiction. The Court also ordered Plaintiff to show cause why this action should not be dismissed for failure to serve defendant SRI, Inc.

///

On April 14, 2021, Plaintiff filed proof of service on Defendant SRI, Inc. (ECF No. 56).

On May 6, 2021, Plaintiff responded to the order to show cause. (ECF No. 57). Plaintiff stated it had encountered difficulties serving Defendant SRI, Inc., which is a suspended corporation. Plaintiff's initial attempt to serve was on January 11, 2020. It failed because the address for the registered agent could not be located. Plaintiff tried against on October 22, 2020 at a different address listed for the corporation on the website for the California Secretary of State. Defendant SRI, Inc. could not be located at that address. On March 31, 2021, Plaintiff attempted to serve the registered agent at an address found using a skip trace search. Plaintiff's process server could not enter the building. Finally, on April 6, 2021, Plaintiff was able to locate Defendant SRI, Inc.'s agent for service of process at his work address and accomplished service. Plaintiff states it intends to seek a default judgment against Defendant SRI, Inc.

In addition, Plaintiff states that the Court no longer has subject-matter jurisdiction. Accordingly, "Plaintiff requests that the District Court remand the matter to the Superior Court of California, County of Tulare for lack of subject matter jurisdiction." (*Id.* at 3).

## II. SUBJECT-MATTER JURISDICTION

This action was initially removed to this Court by the United States pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. (ECF No. 1 at 1). However, the United States stipulated with Plaintiff as to the status of its liens. (ECF No. 26). District Judge Drozd adopted the stipulation and terminated the United states from this action. (ECF No. 38 at 16) (ordering that "[t]he stipulation of Plaintiff and the United States (Doc. No. 26) is adopted and granted;" and directing clerk of court "to terminate the United States from the docket in this action"). The First Amended Complaint does not name the United States as a party, and it does not contain any statement regarding the basis for this Court's jurisdiction. (ECF No. 45).

"Federal courts are courts of limited jurisdiction. … It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §

1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

The original bases for jurisdiction—28 U.S.C. §§ 1442(a)(1) and 1444—both depended on the United States remaining a party to this action.[1] However, the United States is no longer a party. Thus, neither statute provides an independent avenue for jurisdiction. *E.R. by & through Young v. Sutter Davis Hosp.*, 2017 WL 1231949, at *1 (E.D. Cal. Jan. 13, 2017) (in action removed under section 1442(a)(1), "[b]ecause the court dismissed the claims against the United States, it no longer has original jurisdiction over this action," but retaining jurisdiction under supplemental jurisdiction); *Franklin AAA Holdings, LLC v. L.A. Cnty. Tax Collector*, 2011 WL 165401, at *2 (C.D. Cal. Jan. 19, 2011) ("Because the United States is no longer a party to this action, the Complaint does not present a valid federal question as it did initially under 28 U.S.C. § 1444.").

There appears to be no other jurisdictional basis. Plaintiff's claims, which relate to unpaid loans, arise under state law. (*See* ECF No. 45 at 6-11). Plaintiff also does not allege diversity: it alleges that it is "a national banking association, organized and existing under the laws of the United States of America," that Defendant Davidson is a California resident, and that Defendant SRI, Inc., is a California corporation. (ECF No. 45 at 2). Therefore, there appears to be no federal-question or diversity jurisdiction.

However, federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court "may decline to exercise supplemental jurisdiction … [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction). The Supreme Court

---

[1] Section 1442(a) permits the removal of a civil action "that is against or directed to … (1) The United States …." Similarly, section 1444 permits removal of "[a]ny action brought under section 2410 of this title against the United States …."

has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the remaining claims relate to state law. The United States was given the opportunity to explain why the Court should retain jurisdiction but elected not to do so. Therefore, the Court sees no reason to exercise supplemental jurisdiction and recommends declining to do so.

### III. ORDERS TO SHOW CAUSE

On April 5, 2021, the Court ordered Plaintiff to show cause why this matter should not be remanded to state court for lack of subject-matter jurisdiction and why Defendant SRI, Inc., should not be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m). (ECF No. 55 at 4).

Plaintiff filed its response on May 6, 2021. (ECF No. 57). First, Plaintiff states that there is no jurisdictional basis and requests a remand to state court. It has thus complied with the Court's order.

Second, Plaintiff explains that it twice tried to serve Defendant SRI, Inc., before the Court set a status conference. However, it encountered difficulties, as explained above.

Plaintiff's two attempts in one year does not persuade the Court that it dilligently attempted to serve Defendant SRI, Inc., particularly when it appears the information required to accomplish service was available online. However, given that service was more difficult than usual, that Defendant SRI, Inc., has been suspended by the Franchise Tax Board, that Plaintiff does not seek damages against Defendant SRI, Inc., that Plaintiff accomplished service, and that Plaintiff intends to seek a default judgment against Defendant SRI, Inc., the Court declines to recommend dismissing Defendant SRI, Inc., on that basis.

Therefore, the Court discharges both orders to show cause.

///

///

5

**IV.     CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY ORDERED that the orders to show cause (ECF No. 55) are DISCHARGED.

Additionally, it is HEREBY RECOMMENDED that this case be remanded to the Superior Court of California, County of Tulare for lack of subject-matter jurisdiction.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 7, 2021**                             /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE