1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THE BANK OF NEW YORK MELLON          No. 1:17-cv-01335-DAD-EPG
     FKA THE BANK OF NEW YORK, AS
12   TRUSTEE FOR THE BENEFIT OF THE       ORDER SETTING ASIDE DEFAULT
     CERTIFICATE HOLDERS OF THE
13   CWABS INC., ASSET-BACKED             (ECF Nos. 53, 60)
     CERTIFICATES, SERIES 2006-SD3,
14
                  Plaintiff,
15
          v.
16
     BRENDA L. DAVIDSON, et al.,
17
                  Defendants.
18

19

20          Pending before the Court is *pro se* Defendant Brenda Davidson's "notice of motion and

21   motion to set aside default and default judgement, memorandum of points and authorities and

22   declaration of defendant." (ECF No. 60). Plaintiff, The Bank of New York Mellon, has responded

23   to the motion. (ECF No. 62). For the reasons given below, the Court will grant Defendant

24   Davidson's motion to the extent that it seeks to set aside the clerk's entry of default.[1] (ECF No.

25   53). *See Rollins v. Wink Labs, Inc.*, No. 3:20-CV-01220-YY, 2020 WL 9598936, at *1 (D. Or.

26   Dec. 11, 2020) (noting that a motion to set aside an entry of default is a non-dispositive motion on

27   which a magistrate can rule by order).

28   _____
     [1] While Defendant Davidson's motion also seeks to aside a "default judgement," no default judgment was entered in
     this case, only a clerk's entry of default. (*See* ECF Nos. 53, 60). Thus, the Court need not address this request.

                                      1

## I. BACKGROUND

This case concerns Defendant Davidson's alleged failure to repay loans backed by a mortgage and tax liens on the mortgaged property. On October 4, 2017, the United States removed this case from the Superior Court of California, County of Tulare, under 28 U.S.C. §§ 1442(a)(1) and 1444. (ECF No. 1). Defendant Davidson filed an answer on February 8, 2018. (ECF No. 12).

On April 2, 2019, Plaintiff and the United States filed a stipulation concerning the priority of the United States' lien. (ECF No. 26). On August 15, 2019, the District Court adopted the stipulation and terminated the United States from this action. (ECF No. 38, p. 16).

On December 30, 2019, Plaintiff filed a first amended complaint, which named Davidson, the City of Porterville, and SRI, Inc. as defendants. (ECF No. 45). The United States was not named as a party.

Defendant Davidson did not file an answer to the first amended complaint. More than a year later, Plaintiff filed a request for clerk's entry of default under Federal Rule of Civil 55(a). (ECF No. 51). The Clerk entered default on March 30, 2021. (ECF No. 53).

Shortly thereafter, the Court held a status conference and explained the need for Defendant Davidson to file an answer to the first amended complaint and to move to set aside the entry of default should she intend to continue to participate in this case. (ECF No. 55, p. 4).

On May 7, 2021, this Court entered findings and recommendations, recommending that this action be remanded to state court, reasoning that the original bases for jurisdiction, 28 U.S.C. §§ 1442(a)(1) and 1444, depended on the United States being a party to this action. (ECF No. 58, p. 4). The Court further noted that it "sees no reason to exercise supplemental jurisdiction and recommends declining to do so." (*Id.*). No party objected to the Court's findings and recommendations.

On May 13, 2021, Defendant Davidson filed her answer to the first amended complaint and filed the pending motion to set aside the clerk's entry of default. (ECF Nos. 59, 60). In its response, Plaintiff makes no merits argument as to why Defendant Davidson's motion to set aside the default should be denied; instead, it argues that the Court lacks subject matter jurisdiction to

2

adjudicate the motion to set aside the default now that the United States has been terminated from the action. (ECF No. 62). Plaintiff cities no authority in support of this position.

## II.    JURISDICTION TO RULE ON MOTION

This Court currently exercises supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), which provides that once a federal court has original jurisdiction over an action, it has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." While a district court "may decline to exercise supplemental jurisdiction over a claim" when "the district court has dismissed all claims over which it has original jurisdiction" under 28 U.S.C. § 1367(c), a court does not automatically lose supplemental jurisdiction when the federal claims are dismissed.

While the undersigned has recommended that the case be remanded, and that the District Court decline to exercise supplemental jurisdiction going forward, the District Court has not yet done so.  This case thus remains before this Court and this Court retains jurisdiction. Accordingly, it may set aside the default and will do so.

Further, it is worth noting that Plaintiff's current position—that this Court lacks subject-matter jurisdiction to set aside the default due to the dismissal of the United States—is belied by Plaintiff's litigation history.  On August 15, 2019, the United States was dismissed from this case. (ECF No. 38, p. 16). Since then, Plaintiff has moved to amend its complaint to add SRI, Inc. as a defendant. (*See* ECF Nos. 40, 41). Plaintiff then filed its first amended complaint after being granted leave to do so. (ECF Nos. 44, 45). And, perhaps most notably, Plaintiff requested and obtained the clerk's entry of default as to Defendant Davidson. (ECF Nos. 51, 53). Certainly, Plaintiff is not arguing that the Court lacked jurisdiction for the Clerk to enter that default.  In fact, the Court retained jurisdiction under 28 U.S.C. § 1367 during this time period and retains jurisdiction now to set aside that default, unless and until the District Court remands this action to the state court.

\\\

\\\

3

## III. THE DEFAULT

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause." "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." (*Id.*). Moreover, when the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).

After considering the above factors, the Court will set aside the clerk's entry of default. Defendant Davidson, acting *pro se*, failed to respond to the first amended complaint because she did not know that a response was required. (ECF No. 60). Davidson had already answered Plaintiff's original complaint and did not understand that she had to also file an answer to the amended complaint. Since being informed of this requirement, she has answered the first amended complaint and filed this motion to set aside the default, indicating her willingness to participate in this case going forward. Further, the Court cannot conclude that Defendant Davidson lacks any meritorious defense. Lastly, given Plaintiff's delay in seeking default and the pending remand to state court, there is no prejudice to Plaintiff.

\\\
\\\
\\\
\\\

## IV.    ORDER

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Defendant Davidson's motion to set aside the clerk's entry of default (ECF No. 60) is granted. The entry of default (ECF No. 53) is set aside.

IT IS SO ORDERED.

Dated:    **June 1, 2021**

/s/ _Ena P. Grog_

UNITED STATES MAGISTRATE JUDGE